IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TRANS-WESTERN PETROLEUM, INC., a Colorado corporation,<br><br>   Plaintiff,<br><br><br><br><br><br>   v.<br><br><br>UNITED STATES GYPSUM COMPANY, an Illinois corporation,<br><br>   Defendant. | MEMORANDUM DECISION AND ORDER ON MOTIONS IN LIMINE AND DEFENDANT'S MOTION TO AMEND ANSWER TO AMENDED COMPLAINT<br><br><br><br><br><br>Case No. 2:06-CV-801 TS |

This matter is before the Court on Defendant's Motion in Limine[1] and Motion to Amend Answer to Amended Complaint[2] and Plaintiff's Motion in Limine.[3]

## I.  DEFENDANT'S MOTION IN LIMINE

In its Motion in Limine, Defendant seeks to exclude the expert testimony of J. Phillip

---

[1]Docket No. 148.

[2]Docket No. 154.

[3]Docket No. 157.

Cook and Bryan R. Farris from evidence because these experts intend to opine on the value of the lease in question at a time far removed from the date of breach.  According to Defendant, such testimony is irrelevant because any damages should be measured as of the time of breach. Plaintiff responds that this expert testimony is relevant because the measure of damages is based on the value of the lease at the time about which Cook and Farris intend to testify.

The Court will deny the Motion to exclude the testimony of Cook and Farris.  However, by so ruling the Court is not ruling on the availability of the types of damages Plaintiff seeks. The Court will make the determination of what damages Plaintiff is entitled to, if any, in its findings of fact and conclusions of law.  The Court will permit the testimony so that it may have a complete record.

## II.  DEFENDANT'S MOTION TO AMEND ANSWER TO AMENDED COMPLAINT

Defendant seeks leave to amend its Answer to the Amended Complaint to include two affirmative defenses: failure to mitigate damages, and estoppel.  Under Federal Rule of Civil Procedure 15 "[t]he court should freely give leave [to amend] when justice so requires."  The Court finds that there will be no prejudice in allowing Defendant to amend its Answer because these issues were clearly anticipated by both parties.  The Court will therefore grant Defendant's Motion.

## III.  PLAINTIFF'S MOTION IN LIMINE

In its Motion in Limine, Plaintiff seeks to exclude Christopher J. McElroy from testifying in Defendant's case-in-chief because McElroy was not disclosed as a person with discoverable

information regarding Defendant's claims and defenses.  A failure to disclose is governed by Rules 26 and 37(c) of the Federal Rules of Civil Procedure.

"'The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court.'"[4] The Court "need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose."[5]  Nevertheless, the Court is guided by the following factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness."[6]

Weighing these factors the Court finds that Plaintiff's motion should be denied.  To the extent that Plaintiff would be prejudiced by McElroy's testimony such prejudice can be cured at or before trial.[7]  Furthermore, there is no evidence that McElroy's testimony would disrupt the trial or that Defendant has acted willfully or in bad faith.  The Court will therefore deny Plaintiff's Motion.

---

[4]*Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (quoting *Mid-Am. Tablewares, Inc. v. Mogi Trading Co.*, 100 F.3d 1353, 1363 (7th Cir. 1996)).

[5]*Id.* (citing *United States v. $9,041,598.68*, 163 F.3d 238, 252 (5th Cir. 1998)).

[6]*Id.* (citing *Newman v. GHS Osteopathic Inc.*, 60 F.3d 153 (3d Cir. 1995)).

[7]If Plaintiff requests, the Court will order Defendant to make Mr. McElroy available for deposition prior to or during trial.

IV.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion in Limine (Docket No. 148) is DENIED.  It is further

ORDERED that Defendant's Motion to Amend Answer to Amended Complaint (Docket No. 154) is GRANTED.  It is further

ORDERED that Plaintiff's Motion in Limine (Docket No. 157) is DENIED.

DATED August 23, 2012.

BY THE COURT:

_____

TED STEWART
United States District Judge